

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Maurice Bullock
County Attorney
Pecos County
Fort Stockton, Texas

Dear Sir:

Opinion No. O-1005
Re: Right of Sheriff to require indemnity
bond before levying execution upon oil
and gas lease estate under general mone-
tary judgment where no foreclosure of
lien is involved.

We acknowledge receipt of your letter dated November 7, 1939, attached to which is a copy of an opinion prepared by you on November 7, 1939, addressed to Sheriff Dan B. Dihl.

You state in your letter to this Department and in the attached copy of opinion addressed by you to Sheriff Dan B. Dihl that the said Dan B. Dihl, Sheriff of Pecos County, Texas, has had delivered to him a writ of execution issued out of the District Court of Stephens County, Texas, on a judgment in cause No. 12,191, against Arnold Kirk and the Arnold Oil Company, a corporation, and that the attorney for the plaintiff has pointed out to the sheriff by legal description certain oil and gas leasehold estates and demanded the sheriff to levy the execution against such leasehold estates and proceed to have the same sold according to law. You further state that the deed records of Pecos County, Texas, show the oil and gas leasehold estates in question to be owned by parties other than the said Arnold Kirk and the Arnold Oil Company, a corporation, and that the sheriff has been unable to locate any goods, chattels, land, or tenement in Pecos County owned by the defendants in execution, Arnold Kirk and the Arnold Oil Company, a corporation. You further state that plaintiff is threatening to sue the sheriff for damages in case he refuses to levy the execution on the oil and gas leasehold estates pointed out to him by their attorney, and that the said third parties who own the oil and gas leasehold estates are threaten-ing to sue the sheriff if he levies the execution on the oil and gas leasehold estate in question as demanded by plaintiff's attorney.

Hon. Maurice Bullock, Page 2

In view of the above mentioned fact situation you submit for the opinion of this Department the question set out in the caption hereof, which we have quoted from your letter.

It has been definitely settled by the decisions of our State courts, as well as the Supreme Court of the United States, that an oil and gas leasehold estate in Texas is not a "lease" at all; on the contrary, it is a conveyance of an interest in land. Burnett v. Harmel, 287 U. S. 103, 77 L.Ed.199; LeMarr v. Garner, 121 Tex. 502, 50 S. W. (2d) 769; Stephens County v. Mid-Kansas Oil & Gas Company, 113 Tex. 160, 254 S.W.290.

Therefore, in considering the question submitted we shall consider the same as dealing with real estate in general, rather than with merely an "oil and gas lease estate".

Article 3788, Revised Civil Statutes of Texas, 1925, provides:

"When an execution against the property of any person is issued to an officer, he shall proceed without delay to levy the same upon the property of the defendant not exempt from execution, unless otherwise directed by plaintiff, his agent, or attorney." (Underscoring ours)

Articles 3789, 3790 and 3793, Revised Civil Statutes of Texas, 1925, provide for the procedure to be followed by the officer executing the writ of execution, and point out how the officer shall levy the writ on real property or personal property of the defendant, if any.

Article 2836, Revised Civil Statutes of Texas, 1925, provides:

"Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

The statutes of Texas in relation to execution, the pertinent provisions of which are set out above, in plain and unambiguous language declare that when a writ of execution has been properly issued and placed in the hands of the proper officer, such officer shall proceed "without delay to levy the same upon the property of the defendant not exempt from execution, unless otherwise directed by the plaintiff, his agent or attorney",

Hon. Maurice Bullock, Page 3

and further provide that the officer shall be liable to the plaintiff should he fail or refuse to levy upon or sell any property subject to execution, when the same might have been done.

In our investigation, we have found no statute or decision authorizing or requiring the giving of an indemnity bond before a levy is made upon real estate under a writ of execution.

Our courts have held that when personal property is involved the officer to whom a writ of execution has been directed may demand an indemnity bond, and refuse to make a levy and sale under the writ until such bond is given. Illies, v. Fitzgerald, 11 Tex. 417 (1854); Seasongood v. Campbell, 49 S.W. 407 (C.C.A.); Head v. Carlin, 840 S.W. 1051 (C.C.A. 1932). But the same rule does not apply where the levy is to be made upon real estate. When real estate is involved, our courts have held that an indemnity bond is neither authorized nor required before a levy and sale under a writ of execution. Bryan v. Bridge, 6 Tex. 137 (1851); Texas Juris. Vol. 38, page 512.

In the case of Bryan v. Bridge, supra, the sheriff attempted to abandon a levy on real estate made under a writ of execution, when the plaintiff refused the sheriff's demand for a bonded indemnity. The Supreme Court of Texas in an opinion by Chief Justice Hemphill, held:

"If personal property were taken, the sheriff, if he doubted the title of the defendant in execution, might demand a bond of this indemnity from the plaintiff before sale; but I am not aware of any principle or rule which requires such security where the realty has been the subject of levy, or which would, on denial of security, justify the sheriff in abandoning the levy and refusing to sell the property."

The statutes covering the subject of executions in force and effect when the above case was decided by the Supreme Court were substantially the same as the statutes in force and effect at the present time. (Gammel's Laws of Texas, Vol. 2, page 738.)

It is an elementary rule of law and statutory requirement that only property owned by the execution debtor not exempt by statute from forced sale shall be subject to levy and sale under an execution. Articles 3783, 3788 and 3790, Revised Civil Statutes of Texas, 1925; Ward et al. v. Caples et al. 170 S.W. 817, affirmed by Supreme Court, 179 S.W. 856; Moores & Sons v. Tucker Company, 87 Tex. 94, 26 S.W. 1044; Freeman on Executions, Second Edition, Page 422, Section 102. The rule herein set out is stated in Ward et al. v. Caples et al. 170 S.W. 817, as follows:

Hon. Maurice Bullock, Page 4

"All that is required in this state to render property of the debtor subject to levy and sale is that it must be owned by the execution debtor at the time of the levy. Of course, the rights of the execution creditor or the purchaser under the sale cannot go beyond the rights of the defendant debtor. The above has been the rule always in this state, and we need not refer to cases supporting the view expressed." (Underscoring ours).

In the case of Moser & Sons v. Tucker, supra, it is stated by Chief Justice Stayton as follows:

"It must be conceded that no property or interest in property is subject to sale under execution or like process, unless the debtor, if sui juris, has power to pass title to such property or interest in property by his own act."

The fact that the attorney for the plaintiff in execution has pointed out to the sheriff certain property and demanded that the sheriff levy upon same does not of itself require that this be done. Bryan v. Bridges, 6 Tex. 137. The writ of execution directs the money to be made out of the property of the defendant and neither authorizes nor requires that the money be made out of the property which is owned by parties other than the defendant debtor. Therefore, it behooves the officer to whom the writ of execution has been delivered for execution to ascertain whether the defendant named therein owns any property, personal or real, and if so whether the same is subject to execution. The officer to whom the writ of execution is directed should always bear in mind that the writ is intended for the benefit of the plaintiff, and his interest and wishes should be respected so far as this may be done legally.

In your letter you state that the property, towit, oil and gas leasehold estate, which the plaintiff has demanded that the sheriff levy on is not owned by the defendant in execution but on the contrary is owned by third parties not named in the judgment or execution. We are therefore of the opinion that the demand of the plaintiff is unreasonable and not sanctioned by law and should not be respected by the sheriff. Freeman on Executions, Second Edition, page 238, Section 108.

It is our opinion, and you are accordingly advised, that a sheriff or other officer to whom a writ of execution has been directed may not refuse to levy the same upon an oil and gas leasehold estate, or other real estate owned by the defendant, merely because the plaintiff in the execution has refused the officer's demand for a bond of indemnity.

We are also of the opinion that inasmuch as the defendants in the writ of execution do not own the oil and gas leasehold estates in question and do not own any other goods, chattels, lands or tenements in Pecos County, Texas, subject to execution the said execution should be returned "nulla bona."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By ⟨signature⟩
Tom D. Rowell, Jr.
Assistant

TDR:AMM

APPROVED NOV 29, 1939

⟨signature⟩

ATTORNEY GENERAL OF TEXAS

